NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANNA BAZUNTS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1656

Agency No.
A209-168-793

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2023[**]
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO, Senior
District Judge.[***]

Anna Bazunts, a citizen of Armenia, petitions for review of the Board of

Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kiyo A. Matsumoto, United States Senior District
Judge for the Eastern District of New York, sitting by designation.

her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context.

1. Substantial evidence supports the agency's determination that Bazunts is ineligible for asylum or withholding of removal pursuant to the serious nonpolitical crime bar. If "there are serious reasons to believe that [an] alien committed a serious nonpolitical crime outside the United States before the alien arrived in the United States," the alien is ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), *see id.* § 1231(b)(3)(B)(iii), and withholding of removal under CAT, *see* 8 C.F.R. §§ 1208.16(c)(4), (d)(2). We have interpreted the "serious reasons" standard as "tantamount to probable cause." *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011).

Bazunts testified—and at no point disputes—that she assisted in committing, and was convicted of, attempted murder in her home country of Armenia. Accordingly, substantial evidence supports the agency's determination that Bazunts is ineligible for asylum or withholding of removal. *See, e.g.*, *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1188–89 (9th Cir. 2016) (finding that a foreign indictment containing specific facts related to the alleged crime, along with eyewitness testimony, created probable cause sufficient to show the nonpolitical crime bar was met); *Guan v. Barr*, 925 F.3d 1022, 1032 (9th Cir. 2019) (finding

that petitioner's admissions, along with an arrest warrant, created probable cause sufficient to show bar was met).

*2.* Substantial evidence also supports the agency's conclusion that Bazunts had not shown a likelihood of torture that "is inflicted by or at the instigation of or with the consent or acquiescence of" the Armenian government. *See B.R. v. Garland,* 26 F.4th 827, 844 (9th Cir. 2022) (citing 8 C.F.R. § 208.18). As the agency noted, the Armenian government came to Bazunt's aid after the incident of alleged torture by meeting her at the hospital after her neighbor attacked her with a knife, interviewing her, confiscating the knife, and confronting her neighbor about the attack. As such, the record does not compel the conclusion that Bazunts is eligible for relief.

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied. **PETITION DENIED.**